UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bernadette Day,

    Plaintiff,

v.    Case No. 18-10682

NCB Management Services, Incorporated,    Sean F. Cox
*et al.*,    United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT NCB
AS TO FDCPA CLAIM AND DECLINING TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER REMAINING STATE-LAW CLAIMS**

Plaintiff filed this action against a debt collector, and the entity that owned her underlying debt, asserting federal and state-law claims relating to debt collection efforts. The only federal claim, however, is the claim against the debt collector. The matter is before the Court on an early summary judgment motion, filed by the debt collector. Plaintiff's First Amended Complaint alleges that the debt collector violated the federal Fair Debt Collection Practices Act ("FDCPA") because a letter it sent to her on February 28, 2017 that stated the wrong amount of her debt. In the pending motion, the debt collector provides competent evidence to show that was the actual amount of her debt on that date. The motion has been fully briefed and the Court heard oral argument on September 27, 2018. At that hearing, counsel for Plaintiff conceded that the amount of Plaintiff's debt on February 28, 2017 was $6,988.70, as stated in the letter that Defendant NCB sent to Plaintiff. Plaintiff argues, however, that letter nevertheless violated the FDCPA because it did not specify that the total amount of Plaintiff's

1

debt included interest on the underlying loan. For the reasons set forth below, the Court concludes that Defendant NCB is entitled to summary judgment as to Plaintiff's FDCPA claim and declines to exercise supplemental jurisdiction over the remaining state-law claims in this action.

**BACKGROUND**

Plaintiff Bernadette Day filed this action on February 27, 2018, based on federal-question jurisdiction over the Fair Debt Collection Practices Act claim.

On April 11, 2018, Plaintiff filed a First Amended Complaint, which is the operative complaint. It names two Defendants: 1) NCB Management Services, Inc. ("NCB"); and 2) Santander Consumer USA, Inc. ("Santander"). It includes the following claims: 1) "Fair Debt Collection Practices Act" (Count I), *asserted against NCB alone*; 2) "Violation of the Michigan Occupational Code" (Count II), asserted against both Defendants; and 3) "Violation of the Michigan Collection Practices Act" (Count III), asserted against both Defendants.

Plaintiff alleges as follows. In October of 2014, Plaintiff financed a 2012 Nissan Versa with Santander. (First Am. Compl. at ¶ 12). That car was repossessed and sold at a private sale. (*Id*. at ¶ 13). As of April 5, 2017, Plaintiff had an outstanding balance of $4,951.18 owed to Santander. (*Id*. at ¶ 14). NCB attempted to collect a debt in the amount of $6,988.70. (*Id*. at ¶ 15). NCB contacted Plaintiff "though a dunning letter dated February 28, 2017 with false, misleading and deceptive statements in violation of section 1692e and 1692f of the FDCPA." (*Id*. at ¶ 16). NCB's "false representation that Plaintiff Day had a Balance: $6,988.70 as of 02-28-2017 was an unfair and deceptive attempt to collect this debt, which materially misled Plaintiff Day as to her rights under the FDCPA, and which affected and frustrated Plaintiff Day's

2

ability to intelligently respond to Defendants' collection efforts." (*Id*. at ¶ 17).

The Court has not yet issued a Scheduling Order in this case.

On May 14, 2018, Defendant NCB filed a Motion for Summary Judgment. On June 4, 2018, Plaintiff filed a response in opposition to the motion.

On June 5, 2018, NCB filed its Answer and Affirmative Defenses. (D.E. No. 12).

On July 13, 2018, Defendant Santander filed its Answer and Affirmative Defenses. (D.E. No. 17). Santander attached a February 7, 2016 letter to Plaintiff from Santander to it. (D.E. No. 17-3). That letter advised Plaintiff that the vehicle had been sold and that her total balance due after the sale was $6,988.70.

**ANALYSIS**

Because this case is in federal court based upon federal-question jurisdiction over Count I's FDCPA claim against Defendant NCB, the Court shall address challenges to that count first.

**I.   Challenges To Count I**

Section 1692e of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e. Section 1692f states that a debt collector may not use any unfair or unconscionable means to collect a debt. 15 U.S.C. § 1692f.

Here, Plaintiff's First Amended Complaint alleges that Defendant NCB, in violation of sections 1692e and 1692f of the FDCPA, sent Plaintiff a letter on February 28, 2017 falsely stating that the amount of her debt was $6,988.70.

Defendant NCB filed a motion for summary judgment, arguing that it is entitled to summary judgment as to Plaintiff's FDCPA claim because it is based upon a false assertion of

fact – that the amount stated in the February 28, 2017 letter from NCB was wrong. NCB has provided affidavits from representatives of NCB (the collection agency) and Santander (the company that held the debt).

In support of its motion, NCB presented admissible evidence to show that: 1) as of February 28, 2017, the amount of Plaintiff's debt to Santander was $6,988.70, which included principal, interest, and fees accrued – the same amount stated in the letter from NCB; 2) Santander later withdrew the reference to NCB and sold the debt to a third party; 3) Santander sells only principal balances of debts during debt sales, so prior to selling Plaintiff's account to a third party, on March 29, 2017, Santander removed the interest and fees on the account, leaving only the principal balance of $4,951.08 due on the account as of March 29, 2017. Thus, NCB contends that Plaintiff's FDCPA claim against it fails because its February 28, 2017 letter stated the correct amount of Plaintiff's debt as of that date – $6,988.70.

In response to Defendant NCB's Motion for Summary Judgment, Plaintiff argues that: 1) the motion is "premature," 2) in "addition to FDCPA and MOC violations, Defendant NCB did not characterize the debt as including interest in violation of the Truth in Lending Act,"; and 3) even though Plaintiff now agrees that the amount of her debt on February 28, 2017 was the amount stated in NCB's letter, that letter nevertheless violated the FDCPA because it did not specify that it included interest.

### A. Motion Being "Premature"

In response to Defendant NCB's Motion for Summary Judgment, Plaintiff asserted that the "motion is premature" noting that "Plaintiff has not had an opportunity to conduct discovery." (Pl.'s Br. at 2 & 3).

The current version of Rule 56 provides that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). There are no local rules that specify when a motion for summary judgment may be filed, and this Court has not issued a scheduling order yet.

If a party believes that a motion for summary judgment is filed prematurely, before that party has been able to obtain evidence necessary to oppose the motion, then that party can avail itself of Fed. R. Civ. P. 56(d). Under that subsection, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:" 1) defer considering the motion or deny it; 2) allow time to obtain affidavits or declaration or to take discovery; or 3) issue any other appropriate order. *Id*.

Here, Plaintiff has not presented the Court with such an affidavit, or identified any specific discovery that Plaintiff would have needed to respond to the pending motion.

### B. Assertions Regarding Violation of Truth In Lending Act

In responding to NCB's motion, Plaintiff asserted that in "addition to FDCPA and MOC violations, Defendant NCB did not characterize the debt as including interest in violation of the Truth in Lending Act." (Pl.'s Br. at 2). Plaintiff's First Amended Complaint, however, does not assert any claims under the Truth in Lending Act.

### C. FDCPA Violation Based Upon Failure To Specify Interest

At the September 27, 2018 hearing, Counsel for Plaintiff conceded that the amount of Plaintiff's debt on February 28, 2017 was $6,988.70, the amount stated in NCB's February 28, 2017 letter to Plaintiff. But Counsel maintains that even though the amount of Plaintiff's debt on

The current version of Rule 56 provides that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). There are no local rules that specify when a motion for summary judgment may be filed, and this Court has not issued a scheduling order yet.

If a party believes that a motion for summary judgment is filed prematurely, before that party has been able to obtain evidence necessary to oppose the motion, then that party can avail itself of Fed. R. Civ. P. 56(d). Under that subsection, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:" 1) defer considering the motion or deny it; 2) allow time to obtain affidavits or declaration or to take discovery; or 3) issue any other appropriate order. *Id*.

Here, Plaintiff has not presented the Court with such an affidavit, or identified any specific discovery that Plaintiff would have needed to respond to the pending motion.

### B. Assertions Regarding Violation of Truth In Lending Act

In responding to NCB's motion, Plaintiff asserted that in "addition to FDCPA and MOC violations, Defendant NCB did not characterize the debt as including interest in violation of the Truth in Lending Act." (Pl.'s Br. at 2). Plaintiff's First Amended Complaint, however, does not assert any claims under the Truth in Lending Act.

### C. FDCPA Violation Based Upon Failure To Specify Interest

At the September 27, 2018 hearing, Counsel for Plaintiff conceded that the amount of Plaintiff's debt on February 28, 2017 was $6,988.70, the amount stated in NCB's February 28, 2017 letter to Plaintiff. But Counsel maintains that even though the amount of Plaintiff's debt on

February 28, 2017 was the amount stated in NCB's letter, that letter nevertheless violated the FDCPA because it did not specify that it included interest.

Plaintiff's response brief states that NCB's February 28, 2017 letter "did not characterize any of the $6,988.70 as including interest" and then asserts that NCB therefore "violated Section 1692e(2) of the Fair Debt Collection Practices Act." (Pl.'s Br. at 3). Plaintiff's brief directs the Court to an unpublished, non-binding decision from a district court – with no discussion or analysis of the issue.

But Plaintiff's First Amended Complaint does not contain any allegations as to Defendants having violated the FDCPA by virtue of not having specified interest charges in the letter.

Moreover, even if it had, the sole case relied on by Plaintiff can be easily distinguished. In *Murr v. Tarpon Fin. Corp.*, 2014 WL 546690 (E.D. Tenn. 2014), the defendant sent the plaintiff a letter indicating the plaintiff owed $6,582.95, plus $1,316.59 in attorney's fees. *Id*. at *2. The plaintiff alleged that letter violated § 1692g, which requires a debtor, within five days of communication with a debtor, unless the information was already included in the initial communication, to send a notice including "the amount of the debt." The district court in *Murr* noted that the Sixth Circuit "has not addressed what is to be included in a communication to meet the 'amount of debt' requirement of § 1692g," but was persuaded by Seventh Circuit authority that accruing interest must be disclosed in order to comply. The district court reasoned that, *because interest was continuing to accrue*, the letter at issue, which did not advise that interest would continue to accrue, violated 1692g. *Id.* As the district court in *Murr* stated, "[t]his *is not* a matter of failing to 'break down' the principal and interest; this is a matter of

6

failing to inform [the plaintiff] that interest was *accruing*." *Id.* at * 9 (emphasis added).

Here, however, it is undisputed that interest was not accruing on Plaintiff's debt on or after February 28, 2017. Plaintiff's only argument is that the letter from NCB did not show that the total amount due included interest. As such, *Murr* does not aid Plaintiff or allow her to proceed with her FDCPA claim against NCB.

Accordingly, the Court concludes that Defendant NCB is entitled to summary judgment with respect to Plaintiff's FDCPA claim.

In addition, because the Court is disposing of the only federal claim in this action at a very early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims against Defendants NCB and Santander and shall dismiss those claims without prejudice.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant NCB's Motion for Summary Judgment is GRANTED to the extent that the Court RULES that NCB is entitled to summary judgment in its favor as to Plaintiff's federal FDCPA claim in Count I.

IT IS FURTHER ORDERED that this Court DECLINES TO EXERCISE SUPPLEMENTAL jurisdiction over the remaining state-law claims in this action and therefore DISMISSES Counts II and III, against both Defendants, WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 3, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on

October 3, 2018, by electronic and/or ordinary mail.

        s/Jennifer McCoy
        Case Manager